## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORINTHIAN CUFFEE | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | TRIAL BY JURY DEMANDED |
| THE DELAWARE STATE HOUSING AUTHORITY | : | |
| Defendant. | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Corinthian T. Cuffee ("Plaintiff" or "Cuffee") was at all times relevant to this complaint a resident of Dover, Delaware. He is a 64 year old African American male.

2. Defendant, The Delaware State Housing Authority (hereinafter "DSHA" or "Defendant") is a public corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII. Accordingly, this Court has jurisdiction over

the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334. In addition, the action is also brought pursuant to The Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 et seq for injunctive relief only

## VENUE

4. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to the filing of this action, the plaintiff timely filed a written charge of discrimination and retaliation with the Delaware Department of Labor and the Equal Employment Opportunity Commission on August 6, 2020 which occurred during his employment with DSHA.

6. On or about April 1, 2022 the U.S. Department of Justice in the Civil Rights Division issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff on April 4, 2022. Right to Sue Notice attached as Exhibit 1.

## THE FACTS

7. Cuffee is a 64 year-old African American male. Mr. Cuffee was hired by the DSHA on or around November 12, 2019 as a Maintenance Mechanic.

8. Cuffee suffers from medical issues such as high blood pressure and a heart condition. He was regarded as having a disability by Defendant.

9. On June 29, 2020, Cuffee expressed that there was unfairness within the workplace due to Cuffee and fellow employee J.B. have underlying health conditions.

10. As a 64 year old man with hypertension and heart issues, Cuffee worked in a highly populated open workspace, and faced high exposure to co-workers and the public who may exhibit symptoms of the coronavirus, or who were carriers of the disease.

11. In a meeting, Cuffee requested a reasonable accommodation to leave 30 minutes early from work some days because of his health condition, diminished immune system, and his higher risk of exposure to COVID-19. The request's purpose was to reduce his chances of infection during the pandemic.

12. This accommodation would not cost anything to DSHA, and further, employees have flex time that could be used.

13. Rather than engage in the mandatory interactive process after receiving a reasonable accommodation request based on a disability, the request was summarily denied.

14. Not only was Cuffee's reasonable accommodation request denied, he was retaliated against by his supervisor Elena Davis, who immediately suspended Cuffee's use of flex time.

13. Based on the temporal proximity of suspending Cuffee's flex time, the decision was clearly based on Cuffee's request for an accommodation.

14. Cuffee reported the retaliation and discrimination to Human Resources which failed to take any action or investigate the matter.

15. On or around July 8, 2020, Davis called Cuffee into her office.

16. Davis along with her manager Doris Hall (attending via phone), requested that Cuffee sign a disciplinary letter stating that Cuffee had been "insubordinate."

17. Cuffee declined to sign the letter because the accusations were untrue and in retaliation against Cuffee for requests for reasonable accommodation, complaints of discrimination, along with his protected status of being 64 years old with a disability.

18. While working at DSHA, Cuffee never engaged in conduct that constituted insubordination and had an exemplary employment record with the DSHA.

19. After meeting with Davis and Hall, Cuffee went back to work.

20. After the meeting, Cuffee began to feel lightheaded and went back to Davis' office requesting she call 911.

21. Davis ignored Cuffee's request for emergency medical help.

22. Cuffee called another co-worker and requested for him to call 911 as he continued to feel faint.

23. Cuffee continued his work outside in the summer heat, when he passed out, hitting his head and sustaining an injury.

24. Cuffee was sent to the hospital shortly thereafter.

25. Pursuant to his doctor's recommendation, Cuffee requested medical leave pursuant to the Family Medical Leave Act (FMLA).

26. Cuffee's leave was approved.

27. On or around July 10, 2020, Cuffee filed a charge with the EEOC alleging discrimination and retaliation due to his race, disability, age, and retaliation.

28. On or around August 5, 2020, DSHA received notice of Cuffee's Charge of Discrimination.

29. After receiving notice of Cuffee's Charge of Discrimination, DSHA terminated his employment.

30. Cuffee's termination was motivated by his prior request for reasonable accommodation, complaints of discrimination, and request for medical leave.

## COUNT I: AGE AND DISABILITY DISCRIMINATION- DISPARATE TREATMENT-MIXED MOTIVE PURSUANT TO TITLE VII AND AMERICANS WITH DISABILITIES ACT

31. Plaintiff restates and realleges paragraphs 1–30, inclusive, as though set forth here in full.

32. Such acts as described above by defendants, its agents and employees, constitute unlawful age and disability discrimination and harassment against Plaintiff in violation of Title VII, 42 U.S.C. §2000(6), et seq and the ADA.

33. DSHA terminated Cuffee and otherwise discriminated against Cuffee in a serious and tangible way with respect to Plaintiff's compensation, terms, conditions, or privileges of employment;

34. Plaintiff's age and disability was a motivating factor in DSHA's decisions.

35. Plaintiff has been injured and has suffered and will continue to suffer pain, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and the loss of past and future wages and benefits.

## COUNT II: AGE AND DISABILITY DISCRIMINATION-
## HOSTILE WORK ENVIRONMENT –
## TANGIBLE EMPLOYMENT ACTION PURSUANT TO TITLE VII AND
## AMERICANS WITH DISABILITIES ACT

36. Plaintiff restates and realleges paragraphs 1–35, inclusive, as though set forth here in full.

37. Such acts as described above by defendants, its agents and employees, constitute unlawful age and disability discrimination against Plaintiff in violation of Title VII, 42 U.S.C. §2000(6), et seq and the ADA.

38. Plaintiff was subjected to harassment by Davis.

39. Davis' conduct was not welcome.

40. Davis' conduct was motivated by Plaintiff's age and disability.

41. The conduct was so severe or pervasive that a reasonable person in Cuffee's position would find Davis' work environment to be hostile or abusive.

42. Cuffee believed his work environment to be hostile or abusive as a result of Davis' conduct.

43. Cuffee suffered an adverse "tangible employment action" as a result of the hostile work environment in that his flex time was suspended, he was suspended, and subsequently terminated.

44. As a direct and proximate result of Defendant's unlawful discrimination, in the nature of age and disability discrimination, by and through its

agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and the loss of past and future wages and benefits.

## COUNT III- RETALIATION PURSUANT TO TITLE VII

45. Plaintiff re-alleges and adopts the allegations of paragraphs 1-44 above as if fully set forth herein.

46. Cuffee engaged in the protected activity of complaining of age, disability, race discrimination, and retaliation by filing a Charge of Discrimination with the Department of Labor and Equal Employment Opportunity Commission on or about August 6, 2020. In addition, Cuffee complained of discrimination to human resources prior to filing with his Charge of Discrimination.

47. Cuffee was disciplined and terminated after the protected conduct took place.

48. There was a causal connection between Cuffee's protected activities and his discipline and subsequent termination.

## COUNT IV- RETALIATION IN VIOLATION OF SECTION 1981

49. Plaintiff re-alleges and adopts the allegations of paragraphs 1-48 above as if fully set forth herein.

50. Defendant has violated Section 1981 by subjecting Plaintiff to retaliation for his protected complaints and opposition to Defendant's

discriminatory actions on the basis of race and ethnicity, by, inter alia, terminating Plaintiff's employment with the Company.

51. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

53. Cuffee engaged in the protected activity of complaining of race discrimination to human resources and filing a Charge of Discrimination with the Department of Labor and Equal Employment Opportunity Commission on or about August 6, 2020.

54. Cuffee was disciplined and terminated after the protected conduct took place.

55. There was a causal connection between Cuffee's protected activities and his discipline and subsequent termination.

## COUNT V: FMLA RETALIATION
## PURSUANT TO THE FAMILY MEDICAL LEAVE ACT FOR INJUNCTIVE RELIEF ONLY

56. Paragraphs 1-55 are hereby re-alleged and incorporated herein by reference as if fully set forth herein.

57. Plaintiff met all of the eligibility requirements to qualify for up to twelve (12) weeks of unpaid, job-protected, leave per year for qualifying reasons.

58. Plaintiff was entitled to FMLA leave.

59. Plaintiff engaged in statutorily protected activity by applying for and taking leave under the FMLA.

60. Thereafter, Plaintiff suffered an adverse employment decision (termination) after he applied for and was approved for FMLA leave.

61. These adverse decisions were made as a direct result of, and in retaliation for Cuffee exercising his rights under the Family Medical Leave Act.

## COUNT VI- RETALIATION PURSUANT TO THE AMERICANS WITH DISABILITIES ACT

62. Plaintiff re-alleges and adopts the allegations of paragraphs 1-61 above as if fully set forth herein.

63. Plaintiff requested a reasonable accommodation pursuant to the Americans with Disabilities Act when he requested a reasonable accommodation

to leave 30 minutes early from work some days because of his health condition, because Cuffee, as a maintenance employee, was more exposed to more people than office employees and therefore had a higher risk of exposure to COVID-19.

64. Plaintiff was subjected to a materially adverse action at the time (discipline and subsequent termination), or after, the protected conduct took place.

65. There was a causal connection between Cuffee's protected activities and his discipline and subsequent termination.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter a judgment in his favor and against the defendant as follows:

a. Declare the conduct engaged in by the defendant be in violation of the plaintiff's statutory rights.

b. Ordering the rehiring of the plaintiff at a level which is commensurate with his time and experience, or in lieu thereof granting the plaintiff front pay, to compensate his pecuniary losses, which he will suffer as a result of the wrongful conduct of the defendant.

c. Award the plaintiff back pay compensation for his pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

  d. Award the plaintiff sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

  e. Award the plaintiff compensatory and punitive damages not otherwise specified.

  f. Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

  g. Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

  h. Such other and further relief as this Court feels proper.

          **THE POLIQUIN FIRM LLC**

          /s/ Ronald G. Poliquin
          RONALD G. POLIQUIN, ESQUIRE
          Delaware Bar ID No. 4447
          1475 S. Governors Ave.
          Dover, DE  19904
          (302) 702-5501
          *Attorney for Plaintiff*

Dated: June 29, 2022